IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUDY ANN LINDER

    Plaintiff,

v.                                                     CASE NO. 4:10-cv-00189-MP-GRJ

BLANCA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Physician's assistant Blanca, Defendant in this *Bivens* deficient medical care case, has filed a motion to dismiss Plaintiff's complaint based upon her failure to exhaust administrative remedies. (Doc. 33). For the following reasons, it is recommended that the motion to dismiss be **GRANTED**.

### I. Background

Plaintiff alleges that due to poorly maintained sidewalks at Tallahassee FCI, she fell and injured her foot and knee in January 2010. Plaintiff alleges that Defendant would not allow Plaintiff to use the elevator to get an x-ray of her fractured foot, forcing her to take the stairs instead and thereby aggravating her injury. Plaintiff also alleges that she did not receive sufficient pain medication, and that an MRI was ordered for her knee but never performed. Plaintiff seeks $500,000 in damages. (Doc. 21).

### II. Defendant's Motion to Dismiss and Plaintiff's Response

Defendant filed a limited notice of appearance and motion for judgment as a matter of law (Doc. 33), seeking dismissal of Plaintiff's first amended complaint (Doc.

21).  Defendant argues that Plaintiff failed to exhaust her administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), 42, U.S.C. § 1997e(a).  Defendant argues that because there is a failure to exhaust, the amended complaint must be dismissed due to lack of jurisdiction and for failure to state a claim upon which relief may be granted.  (Doc. 33).  Attached to the motion to dismiss is an affidavit of Tallahassee FCI Acting Administrative Remedy Clerk Cassandra Thomas.  Thomas attests that her review of the Federal Bureau of Prisons' administrative remedy records reveals that Plaintiff has not filed any remedies since she has been incarcerated.  (Doc. 33, Declaration of Cassandra Thomas).

In her response to Defendant's motion to dismiss, Plaintiff alleges that she went to Mr. Brown, a counselor at Tallahassee FCI, three days after her cast was put on.  Plaintiff alleges that at that time, she had completed a BP-8.5 and BP-9.  Plaintiff alleges that Mr. Brown "told me that I could not file that because it was only for when Medical wasn't doing their job and since I had the cast and wheelchair it was obvious they were.  So it went into his wastebasket."  Plaintiff alleges that Mr. Brown then gave her the paperwork to file a tort claim.  (Doc. 34).

### III.  Discussion

The Prisoner Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue, v. Pearson, 2011 U.S. Dist. LEXIS 66950, *2-3 (S.D. Ga. 2011) (citing Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 2005)).*  Exhaustion is mandatory under the PLRA, and

unexhausted claims are not permitted.  *See Jones v. Bock, 549 U.S. 199, 211 (2002).*  Proper exhaustion requires completion of the grievance process as established by BOP regulations.  *See Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006).*

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction.  *Bryant v. Rich, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008).*  Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).*  The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id. at 1082.*  If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.*

To exhaust her administrative remedies, the Plaintiff in this case was required to file a form BP-9 with the warden of the institution within 20 days of the alleged insufficient medical treatment.  *28 C.F.R. 542.14(a); Okpala v. Drew, 248 Fed. App'x 72 (11th Cir. 2007); Martin v. Zenk, 244 Fed. App'x 974 (11th Cir. 2007).*  An appeal to the director using the form BP-10 was also required following the warden's decision.  *28 C.F.R. 542.15(a).*  The final administrative step would have been an appeal to the general counsel on a form BP-11.  *Id.*

Defendant contends that Plaintiff did not complete the administrative remedy

process as described above.  Plaintiff alleges that Mr. Brown, counselor at Tallahassee FCI, told her that she could not file the grievances because medical had done its job. (Doc. 34).  Plaintiff has offered no sworn evidence in support of her contention that Mr. Brown inhibited her from properly exhausting her administrative evidence.  Furthermore, even if, taking Plaintiff's allegations as true, she did not pursue administrative remedies because she thought it would be futile based on Mr. Brown's statement, reliance on subjective feelings is not enough to overcome the exhaustion requirement.  "[I]n an exhaustion analysis, Plaintiff may not rely on such subjective feelings to demonstrate unavailability of administrative remedies." *Boxer X v. Harris, 2009 U.S. Dist. LEXIS 125208, \*24 (S.D. Ga. 2009)* (rejecting Plaintiff's claims that administrative remedies were unavailable because a grievance counselor informed him that a complaint would not do any good, and granting summary judgment in favor of defendant because claims about counselor's statements were inadmissible hearsay) *(internal citations omitted)*.

　　While in some instances it may be appropriate for a defendant to be equitably estopped from asserting a defense of lack of exhaustion if the Defendant rendered the remedies unavailable, this doctrine is inapplicable to the instant case.  Plaintiff's response is ambiguous as to whether Plaintiff or Mr. Brown put the forms in the wastebasket.  (Doc. 34).  Even if Plaintiff's response was construed as alleging that Mr. Brown threw the forms away, Plaintiff admits that Mr. Brown gave her the paperwork to initiate a lawsuit against Tallahassee FCI, thus detracting from any inference that Mr. Brown sought to subvert Plaintiff's attempts at recourse for the wrongdoing she alleges in her amended complaint.  Under Plaintiff's version of the facts, despite her subjective

feelings of futility, Plaintiff is still required to have exhausted her administrative remedies.  To allow Plaintiff's case to proceed, based on the facts alleged, would contravene the purpose of the PLRA and would establish a procedure for prisoners to easily circumvent the available administrative grievance procedures simply by asserting that a prison official told the prisoner the administrative process was futile.

In accordance with the two-step *Turner* analysis, the Court finds that Plaintiff failed to exhaust her administrative remedies with regard to her claims against Defendant Blanca and, therefore, Plaintiff's claims should be **DISMISSED**.

### IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED**:

That Defendant Blanca's Motion For Judgment As A Matter of Law (Doc. 33) should be **GRANTED.**

**IN CHAMBERS**  this 30th day of August 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**